**POGUST BRASLOW & MILLROOD, LLC**
Harris L. Pogust, Esq.
hpogust@pbmattorneys.com
Bharati O. Sharma, Esq.
bsharma@pbmattorneys.com
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Telephone:   (610) 941-4204
Facsimile:    (610) 941-4245

*Attorneys for Plaintiff(s)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSEMARY CLARK, individually and on behalf of all others similarly situated;<br><br>    Plaintiff(s),<br><br>    vs.<br><br>BALLY'S PARK PLACE, INC.; BALLY'S ATLANTIC CITY; CAESARS ENTERTAINMENT CORPORATION; HARRAH'S OPERATING COMPANY, INC.; and DOES No. 1 through 100, inclusive,<br><br>    Defendant(s). | Civil Action No.:<br><br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff ROSEMARY CLARK, residing at 350 Blackwood Clemington Rd, Apt. 2416, Pine Hill, New Jersey 08021, former employee of Defendant Bally's Atlantic City, brings this action on behalf of herself and on behalf of other similarly situated former casino employees and current casino employees of Defendant Bally's Atlantic City, with a principal place of business located at 1900 Pacific Avenue, Atlantic City, New Jersey 08401, and its owners and operators, Defendants Bally's Park Place, Inc., located at Park Place & Boardwalk, Atlantic City, New Jersey 08401, Caesars Entertainment Corporation,

located at 1 Caesars Palace Drive, Las Vegas, Nevada 89109, and Harrah's Operating Company, Inc., located at 1 Harrah's Court, Las Vegas, Nevada, and alleges the following based upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters:

## INTRODUCTION

1.      Plaintiff ROSEMARY CLARK, former casino employee of Defendant Bally's Atlantic City, brings this action on behalf of herself and on behalf of other similarly situated former casino employees and current casino employees for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress against Defendants Bally's Park, Inc., Bally's Atlantic City, Caesars Entertainment Corporation and Harrah's Operating Company, Inc. (collectively "Defendants") for violations of the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq*.

2.      Specifically, Defendants required their non-exempt casino employees to attend meetings often referred to as "Buzz Sessions" without compensating them for their attendance. Attendance at "Buzz Sessions" was explicitly mandated by Defendants for all non-exempt employees and set forth in Defendants' employee handbook, which was distributed to all employees.  Additionally, Plaintiff ROSEMARY CLARK and others similarly situated regularly worked hours in excess of forty hours in a workweek without receiving overtime compensation.

## PARTIES

3.      Plaintiff ROSEMARY CLARK is a New Jersey resident who currently resides at 350 Blackwood Clemington Rd, Apt. 2416, Pine Hill, New Jersey 08021.  Plaintiff was at all

relevant times employed by Defendants as a non-exempt casino employee at Bally's Atlantic City in the position of "Total Rewards Coordinator" until July 14, 2009.

4.      While employed by Defendants, Plaintiff ROSEMARY CLARK was required to attend meetings often referred to as "Buzz Sessions," for which she was not compensated. Attendance at "Buzz Sessions" was explicitly mandated by Defendants for all non-exempt employees and set forth in Defendants' employee handbook, which was distributed to all employees.  Additionally, Plaintiff ROSEMARY CLARK and others similarly situated regularly worked hours in excess of forty hours in a workweek without receiving overtime compensation.

5.      Under Rule 23(c)(2) of the Federal Rules of Civil Procedure, Plaintiff ROSEMARY CLARK will request the Court to provide notice of this class action regarding the State wage claims and other class claims.

6.      Defendant Bally's Atlantic City is a hotel and casino that has its principal place of business located at 1900 Pacific Avenue, Atlantic City, New Jersey 08401.  Defendant Bally's Atlantic City is an "employer" as that term is defined in N.J.S.A. 34:11-56a1(g).

7.      Defendant Bally's Park Place, Inc. owns and operates Bally's Casino and Hotel in Atlantic City.  Bally's Park Place, Inc. has its principal place of business located at Park Place & Boardwalk, Atlantic City, New Jersey 08401.  Defendant Bally's Park Place, Inc. is an "employer" as that term is defined in N.J.S.A. 34:11-56a1(g).

8.      Defendant Caesars Entertainment Corporation (formerly known as Harrah's Entertainment, Inc. from 1995 until November 23, 2010) is a Delaware corporation, headquartered in Clark County, Nevada.  Defendant Caesars Entertainment Corporation is an "employer" as that term is defined in N.J.S.A. 34:11-56a1(g).

9. Defendant Harrah's Operating Company, Inc. is a wholly owned subsidiary of Caesars Entertainment Corporation. Defendant Harrah's Operating Company, Inc.'s headquarters are located at 1 Harrah's Court, Las Vegas, Nevada. Defendant Harrah's Operating Company is an "employer" as that term is defined in N.J.S.A. 34:11-56a1(g).

10. Defendant DOES 1 through 100 are agents of Defendants, or employers as defined under N.J.S.A. 34:11-56a1(g), and accordingly under N.J.S.A. 34:11-56a1(g) are jointly liable for the monies due Plaintiff and the Class. Plaintiff is ignorant of the true names and capacities of Defendants sued in this Complaint as DOES 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names and capacities. Plaintiff will further amend this Complaint to allege their true names and capacities when learned. Plaintiff is further informed and believes, and on that basis alleges, that at all relevant times, each of the Defendant DOES 1 through 100 was an agent or employee who acted within the course and scope of that agency or employment and/or a co-conspirator of one or more of the named Defendant DOES 1 through 100. Plaintiff is further informed and believes, and on that basis alleges, that each of the Defendant DOES 1 through 100 aided and assisted the named Defendants in committing the wrongful acts alleged in this Complaint, and that Plaintiff's damages were legally caused by each such Defendant.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1337, because at least one member of the putative class is a citizen of a state different from at least one Defendant, and the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

12. Venue lies within this District pursuant to 28 U.S.C. § 1391. Venue is proper in the United States District Court for New Jersey because Defendants conduct business in New Jersey; Plaintiffs were employed by Defendants in New Jersey; and the majority of the acts, events and omissions giving rise to this action occurred in or around New Jersey. This Court has jurisdiction over the New Jersey State Law claims made herein pursuant to 28 U.S.C. § 1367(a).

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Defendant Caesars Entertainment Corporation is a private gaming corporation that owns and operates casinos, hotels, and golf courses under several brands. The company, based in Nevada, is the largest gaming company in the world, with yearly revenues of approximately 10.8 billion. Defendant Caesars Entertainment Corporation owns and operates the following casinos in Atlantic City: Bally's Atlantic City, Caesars Atlantic City, Harrah's Atlantic City and Showboat.

14. Defendant Bally's Park, Inc. is a wholly owned subsidiary of Defendant Harrah's Operating Company, Inc., which is a direct, wholly owned subsidiary of Defendant Caesars Entertainment Corporation.

15. Defendant Bally's Atlantic City, owned and operated by Defendant Bally's Park Place, Inc. as well as Caesars Entertainment Corporation, is a casino on the Boardwalk in Atlantic City. In addition to the Wild Wild West Casino and the main casino floor, Bally's also operates the Claridge casino. The Wild Wild West Casino and Claridge Casino are connected to Bally's by a walkway. The Bally's casinos have over 220,000 square foot of gaming space with over 5,000 slot machines, Keno simulcast, and table games.

16.     At all times mentioned in this Complaint, Defendants were engaged in the business of legalized gambling; in connection with such business, Defendants engaged in interstate commerce by drawing patrons from outside the state of New Jersey, purchasing gambling equipment and other gambling paraphernalia from outside the state of New Jersey, and conducting other such activities outside the state of New Jersey.

17.     Plaintiff ROSEMARY CLARK and all non-exempt casino employees of Defendants were required to perform various tasks for the benefit of Defendants without compensation, including attending meetings called "Buzz Sessions," which were held pre-shift, during lunch breaks or post-shift.

18.     During the relevant time period, Defendants enforced policies that required Plaintiff ROSEMARY CLARK and others similarly situated to work off-the-clock for which they were not compensated in violation of N.J.S.A. 34:11-56a *et seq*. Defendants also employed Plaintiff, and members of the proposed class for many work weeks longer than forty (40) hours and knowingly and willfully failed and refused to compensate each individual for such work week in excess of forty (40) hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to provisions of N.J.S.A. 34:56a4.

19.     Defendants willfully and knowingly failed to compensate Plaintiff and other former and current casino employees similarly situated at rates not less than one and one-half times the regular rates at which they were employed, for the time spent at these meetings even though this routinely involved the Plaintiff and other former and current casino employees similarly situated, working more than forty (40) hours per week contrary to N.J.S.A. 34:56a4.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action under the New Jersey Wage and Hour Laws and Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class: All non-exempt casino employees of Defendants who, at any time during the statutory period, were not compensated for all time worked and/or all overtime worked.

21. Plaintiff ROSEMARY CLARK is a member of the Class she seeks to represent.

22. <u>Numerosity</u>.  The potential members of the Class are so numerous that joinder of all members would be impractical.  The precise number of potential class members has not been determined, but there are at 7,000 employees currently employed by Defendant Bally's Park Place, Inc. with an unknown number of others who have been employed by Defendant Caesars Entertainment Corporation at its Atlantic City casinos within the applicable liability period, and who have had their rights violated by Defendants' unlawful scheme.

23. <u>Commonality</u>.  This case poses questions of law and fact common to the Class as a whole that predominate over any questions affecting individual members of the Class.  Those common questions include, but are not limited to, the following:

    (a)    whether Defendants enforce company-wide policies that require their non-exempt casino employees to work off the clock;

    (b)    whether Defendants enforce company-wide policies that deny non-exempt casino employees wages and overtime compensation in violation of relevant sections of N.J.S.A. 34:11-56a *et seq*.

    (c)    what proof of hours worked is sufficient where Defendants fail in their duty to maintain true and accurate time records;

    (d)    the nature and extent of Rule 23 Class-wide injury and the appropriate

measure of damages for the Class; and,

    (e)    what relief is necessary and appropriate to remedy Defendants' unlawful conduct.

24. <u>Typicality</u>.  The claims of Plaintiff ROSEMARY CLARK are typical of the claims of the Class she seeks to represent.  The illegal practices that have denied Plaintiff of her rights under New Jersey law are the same practices that have and will continue to deny the rights of Class members.  Plaintiff will seek the same types of damages, restitution and other relief as the Class members.

25. <u>Adequacy of Class Representation</u>.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

26. <u>Adequacy of Class Counsel</u>.  Plaintiff's counsel are competent and experienced in litigating class actions and have prosecuted labor and employment cases involving similar issues.

27. <u>Propriety of Class Certification</u>.  Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.  Moreover, Defendants have implemented a common scheme through the use of uniform policies, practices, and procedures that applies generally to the Class.  Questions of law and fact common to the Class, therefore, predominate over any questions affecting only individual members of the Class.  Each member of the Class, moreover, has been damaged and is entitled to recover for Defendants' illegal policy and practice of failing to pay required wages to casino

employees.  Finally, the prosecution of individual actions against Defendants would not only be impractical, but also create a risk of inconsistent judgments.  Thus, a class action is superior to other available methods for the fair and efficient adjudication of the controversy that is the subject of this Complaint.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF NEW JERSEY WAGE AND HOUR LAWS
### (By Plaintiff Rosemary Clark Against All Defendants)

28. The allegations set forth in paragraphs 1 through 27 are incorporated herein by reference.

29. Plaintiff ROSEMARY CLARK brings this claim on behalf of herself and the members of the Class for relief against Defendants pursuant to N.J.S.A. 34:11-56a for payment of their full earned wages and all wages earned to them and on behalf of herself and members of the Class.

30. Pursuant to N.J.S.A. 34:11-56a4, Plaintiff and the proposed Class were entitled to the payment of their full wages for each hour or portion thereof that they worked in the amount promised by their contract of employment and were entitled to the full payment of any wages required by any statute or regulation.

31. Additionally, pursuant to N.J.S.A. 34:11-56a4, Plaintiff and the proposed Class were entitled to the payment of not less than 1 ½ times their regular hourly rate for each hour of working time in excess of 40 hours in any week.

32. Further, Defendants were required by N.J.S.A. 34:11-56a20 to establish and maintain records of the hours worked and the wages paid to each employee.

33. By the conduct described above, Defendants have violated N.J.S.A. 34:11-56a by failing to pay Plaintiff and the members of the Class their full wages and/or overtime for

time worked and by failing to establish and maintain the proper records of wages for the benefit of their employees.

34.     Plaintiff ROSEMARY CLARK on behalf of herself and all others similarly situated, demands judgment against Defendants for unpaid wages, overtime wages, compensatory damages along with reasonable attorneys' fees and costs of suit, and such other statutorily and other relief as the Court deems proper and just.

WHEREFORE, Plaintiff prays judgment against Defendants, as set forth herein below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her own behalf and on behalf of all others similarly situated, prays this Court:

1.     Enter a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory obligations, and deprived Plaintiff and the members of the Class of the rights and protections and entitlements of the law, as alleged herein;

2.     Enter an Order enjoining Defendants from any further violations of the NJWHL;

3.     Certify the Plaintiffs' claims a class action and award an appropriate judgment against Defendants for damages to Plaintiff and the members of the Class who sustained damages;

4.     Award Plaintiff and members of the Class unpaid wages, overtime wages, compensatory damages, and all other statutorily permitted remedies;

5.     Award Plaintiff and members of the Class reasonable attorneys' fees and all costs of this action to be paid by Defendants;

6.    Award Plaintiff and members of the Class pre-and post-judgment interest and costs as further allowed by law; and

8.    Grant such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a Trial by Jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Harris L. Pogust, Esq. and Bharati O. Sharma, Esq. as Trial Counsel.

## CERTIFICATION OF OTHER PENDING ACTIONS

Counsel for Plaintiff and the members of the Class certifies the following two other actions:

1. *Chari Fetrow Fix, et al. v. Harrah's Entertainment, Inc. et al.*, No. 2:10-cv- 00560-RLH-PAL (D. Nev. 2010); and

2. *Kimberly Daprizio v. Harrah's Entertainment, Inc. et al.*, No. 2:10-cv-0604 (D. Nev. 2010).

DATED:  December 22, 2010                **POGUST BRASLOW & MILLROOD, LLC**

By: /s/ Harris L. Pogust
Harris L. Pogust, Esq.
hpogust@pbmattorneys.com
Bharati O. Sharma, Esq.
bsharma@pbmattorneys.com
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Telephone:    (610) 941-4204
Facsimile:    (610) 941-4245